Publication of this proposal does not mean that the Court is probably going to issue an order on the subject, and even less does it imply probable adoption in its present form. Comments that are submitted on time will be substantively considered on their merits and the assistance thereby provided is sincerely appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in GCR 1963, 933. Comments on this proposal may be sent to the Supreme Court clerk within 60 days after it is published in the State Bar Journal.

*Staff Comment:* The proposed amendment to subrule 785.4 would define the minimum scope of the lawyer's authority when he is appointed to represent an indigent defendant in the trial court.

The proposed amendment to subrule 785.11 would define the minimum scope of the lawyer's authority when he is appointed to represent an indigent defendant for postconviction proceedings and would provide that no separate order is required for the court-appointed lawyer to obtain the transcript. Advice on the right to appeal to the circuit court (for a district court defendant) would be eliminated from this general court rule. The remaining changes in both subrules would be stylistic only.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

AUGUST 15, 1978

*In re* CERTIFIED QUESTIONS FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN (WXYZ, INC v 47TH DISTRICT JUDGE). (Docket No. 61048.) The certified questions are considered and the Court respectfully declines to respond to the questions because (i) the interpretation of the Michigan statute is so closely intertwined with a Federal constitutional question that it will be necessary to consider the Federal question in order to decide the state question and (ii) the state constitutional questions parallel Federal constitutional questions, and therefore the issues cannot be decided entirely as matters of state law under the procedure provided in GCR 1963,

797.2. *Kemp, Klein, Endelman & Ralls* for plaintiffs. *Keifer, Allen & Cavanagh* for defendant.

KAVANAGH, C.J., and FITZGERALD and BLAIR MOODY, JR., JJ., would grant the request.

*In re* CERTIFIED QUESTION FROM THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT (ABORTION COALITION OF MICHIGAN, INC v MICHIGAN DEPARTMENT OF PUBLIC HEALTH). (Docket No. 61731.) The certified question is considered and the Court respectfully declines to respond to the question because the interpretation of the Michigan statute is so closely intertwined with a Federal constitutional question that it is not likely that the issue could be definitively decided by this Court purely as a matter of state law under the procedure provided in GCR 1963, 797.2. *Lucas & Stoltz* for plaintiffs-appellants. *Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Milton I. Firestone* and *Frank J. Pipp,* Assistants Attorney General, for defendants-appellees.

AUGUST 30, 1978

AMATO v OXFORD AREA COMMUNITY SCHOOL DISTRICT No. 7. (Docket No. 58951.) Rehearing denied. *Foster, Swift, Collins & Coey, P.C.,* for plaintiff-appellee. Reported at 402 Mich 521.

WILLIAMS and BLAIR MOODY, JR., JJ., would grant rehearing.

DEZIEL v DIFCO LABORATORIES, INC (AFTER REMAND) and MACKENZIE v FISHER BODY DIVISION, GENERAL MOTORS CORPORATION. (Docket Nos. 54825, 55072.) Rehearing denied. *Kelman, Loria, Downing, Schneider & Simpson,* for plaintiff-appellant Deziel. *LeVasseur, Mitseff, Egan & Capp, P.C.,* for defendants-appellees Difco Laboratories, Inc. and Michigan Mutual Liability Company. *Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, Otis M. Smith,* General Counsel, *Thomas W. Watkins,* and *William J. Kemp,* for defendant-appellee General Motors Corporation. *Conklin, Benham, McLeod, Ducey & Ottaway, P.C.,* for Michigan Self-Insurers Association, and *Sinas, Dramis, Brake, Turner, Boughton, McIntyre & Reisig, P.C.,* for Michigan State Chamber of Commerce as amici curiae. Reported at 403 Mich *ante,* p 1.

COLEMAN, FITZGERALD, and RYAN, JJ., would grant rehearing.